[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SPECIAL FINDING RE: ATTORNEY'S FEES
The Court, upon considering the testimony and other evidence presented on July 16, 1996, hereby makes the following findings of fact with respect to the amount which should be awarded to the plaintiff, Patrick J. Kerrigan, against the defendant, DiPietro-Kay Corporation, as attorney's fees under Counts Two and Four of the Plaintiff's Amended Complaint:
1. Since the beginning of the instant controversy, the plaintiff has made a concerted effort to get his boat registered in the State of New York and to that end to obtain the assistance of the defendant, DiPietro-Kay Corporation, to rectify all apparent defects and inconsistencies in the hull identification information concerning the boat.
2. When the plaintiff's own efforts to gain the full cooperation and assistance of the defendant proved fruitless, he hired legal counsel from the law offices of R. William Bohonnon, a firm to which he had been referred due to its familiarity with maritime law.
3. By a retainer letter dated November 1, 1991, the Bohonnon law firm, through Attorney David M. Bohonnon, communicated to the plaintiff its willingness to represent him in this matter. This letter, which was signed and returned to the firm by the plaintiff, provided for the payment of a $2500 retainer; for the doing of work at an hourly rate of between $175 and $275 per hour, depending upon the nature of the work and the identity and experience of the person assigned to do it; and for reimbursement in full for all expenses properly incurred by the firm in CT Page 5204-B relation to his representation.
4. From this date of the retainer letter — November 1, 1991 — to the present, the law firm has billed the plaintiff for 143.7 hours of attorney time, including 35.5 hours of trial time. Based on its familiarity with the protracted history of this controversy, as developed at trial and evidenced by the court file in this case, of which judicial notice is hereby taken, the Court concludes that each hour claimed to have been worked by the plaintiff's lawyers was in fact worked, and that the expenditure of such attorney time on the plaintiff's behalf was entirely reasonable based upon the nature of the controversy itself and the steps required to bring it to a successful conclusion. Each such expenditure of time is fully documented in Plaintiff's Exhibit #101.
5. From Plaintiff's Exhibit #101, the Court notes that the plaintiff's lawyers billed him at the rate of $175 per hour for the 58.60 hours they worked from November 1, 1991 through April 5, 1995, and at the rate of $200 per hour for the 95.10 hours they worked from March 29, 1995 through June 16, 1996. At these rates, total billings for attorney's fees in this case were as follows:
 58.60 hours x $175/hour = $ 8,535.00 95.10 hours x $200/hour = $19,020.00 ------------------------- ----------- TOTAL FEES/BILLED = $27,555.00
6. In addition to the foregoing, the plaintiff was billed by his lawyers for $1609.62 in costs, including, it is conceded, a mistaken double billing for the entry fee and sheriff's fee, totalling $171.40.
7. Notwithstanding the aforedescribed billings for attorney's fees and costs, totalling $29,164.62, the evidence shows that the plaintiff paid his lawyers a grand total of $27,512.64 for all services rendered and costs incurred by them in this case. Accordingly, the plaintiff has restricted his claim for attorney's fees to that portion of his total payment which was to be applied to attorney's fees.
8. The total amount paid by the plaintiff for attorney's fees was $26,074.42, calculated at follows: CT Page 5204-C
 Total Paid to Attorneys = $27,512.64 — Total Paid for Costs = 1,438.22 (Exclusive of Double Billings) ------------------------- ------------- TOTAL FEES/PAID $26,074.42
9. The Court concludes that the plaintiff's attorneys could reasonably have billed him at the rate of $175 per hour for all non-trial time spent in the preparation and prosecution of his case. It further concludes that the attorneys could reasonably have billed him at the higher rate of $200 per hour for all time spent in court on the trial of this case. Based on these rates, the total amount for which the plaintiff might reasonably have been billed for hours actually worked is $26,035.00, calculated as follows:
 108.2 hours x $175/hour = $18,935.00 35.5 hours x $200/hour = $ 7,100.00 ---------------------------- ----------- TOTAL REASONABLE ATTORNEY'S $26,035.00 FEES
Because the amount is less than the actual amount billed to and paid by the plaintiff for such services, it constitutes the sum that ought properly to be awarded as punitive damages under Count Two and as reasonable attorney's fees under Count Four of the Amended Complaint.
Michael R. Sheldon Judge